# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

            Plaintiff,

       v.

TODD ALLEN MARGERUM,       Case No. 3:17-cr-00160-SLG

            Defendant.

## ORDER REGARDING MOTION TO AMEND CRIMINAL JUDGMENT

Before the Court at Docket 64 is defendant Todd Allen Margerum's *pro se* Motion to Amend or Correct Judgment in a Criminal Case. The government responded in opposition at Docket 65.

Mr. Margerum seeks to have the Court issue an amended judgment pursuant to Federal Rule of Criminal Procedure 36 "to accurately reflect that Mr. Margerum was entitled to concurrent sentence with his Alaska state sentence consistent with U.S.S.G. 5G1.3(b) or (c), thus, Defendant is to receive pretrial detention credit and his 1 year 1 day federal sentence imposed by this Court was COMPLETED on July 30, 2019, in the matter herein."[1]  Put simply, Mr. Margerum asserts that the Court gave him credit for 2 months and 23 days in pretrial custody

---

[1] Docket 64 at 4.

and that because his state and federal sentences should have run concurrently, he calculates that his federal sentence expired on July 20, 2019.[2] The Bureau of Prisons calculates Mr. Margerum's anticipated release date as February 4, 2022.[3]

After being indicted by a grand jury, a Writ of Habeas Corpus ad Prosequendum was issued to the State of Alaska Department of Corrections to bring Mr. Margerum to federal court for his arraignment.[4] After his arraignment in federal court, Mr. Margerum spent approximately 2 months and 23 days in custody at the state Department of Corrections before being granted pretrial release in this federal case.[5] On August 15, 2018, Mr. Margerum was sentenced in this case to 12 months and one day.[6] Mr. Margerum was ordered to self-surrender to begin his federal sentence, but he failed to do so.[7] In October 2018, Mr. Margerum was charged in multiple criminal cases in Alaska state court.[8] On February 8, 2019, Mr. Margerum appeared before a federal magistrate judge and was ordered to serve his original sentence.[9] The magistrate judge ordered that "[f]or the purpose

---

[2] Docket 64 at 3.

[3] BOP, *Find an inmate*, available at www.bop.gov/inmateloc/ (last accessed Aug. 17, 2021).

[4] Docket 4.

[5] Docket 9; Docket 23.

[6] Docket 52 (judgment).

[7] Docket 54.

[8] Docket 65 at 2.

[9] Docket 62 (minute entry).

No. 3:17-cr-00160-SLG, *United States v. Margerum*
Order Re Motion to Amend Criminal Judgment
Page 2 of 4
Case 3:17-cr-00160-SLG-DMS   Document 69   Filed 08/23/21   Page 2 of 4

of computing his federal sentence, this Court finds Todd Allen Margerum was in federal custody from the date of the Writ of Habeas Corpus ad Prosequendum issued December 11, 2018," which issued after Mr. Margerum had failed to report to serve his sentence.[10]

The government opposes the instant motion because Mr. Margerum "has been in State of Alaska custody since on or around October 30, 2018. That custody continued until at least March 26, 2021."[11] The government contends that the Court should not now approve concurrent federal and state custody time because Mr. Margerum's "State of Alaska cases are not concurrent or connected to the defendant's sentence" in this case."[12]

Rule 36 permits courts to "correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission." It appears that the perceived discrepancy in calculating Mr. Margerum's federal release date is not primarily related to whether he is getting credit for his pretrial detention time but is instead related to the time he has been serving in state custody related to his state court cases. Accordingly, Rule 36 does not authorize the Court to amend the judgment in this case, because there is no "clerical error," "oversight," or "omission" to correct.[13] The judgment issued by the Court accurately reflects the sentence

---

[10] Docket 61.

[11] Docket 65 at 2.

[12] Docket 65 at 3.

[13] *See United States v. Sanchez*, 585 Fed. Appx. 716, 716 (9th Cir. 2014) (unpublished) ("[T]he

No. 3:17-cr-00160-SLG, *United States v. Margerum*
Order Re Motion to Amend Criminal Judgment
Page 3 of 4
Case 3:17-cr-00160-SLG-DMS    Document 69    Filed 08/23/21    Page 3 of 4

imposed.  Rule 36 does not authorize the relief Mr. Margerum seeks, *to wit* the

Court making retroactive § 5G1.3 findings, which would not merely correct a

clerical error to show what sentence was in fact imposed, but instead would

substantively modify a sentence.[14]

In light of the foregoing, IT IS ORDERED that the motion at Docket 64 is

DENIED.

DATED this 23rd day of August, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

district court properly denied Sanchez's Rule 36 motion because there was no error in the judgment to correct.  To the extent Sanchez argues that the district court erred in failing to run the sentences fully concurrently under U.S.S.G. 5G1.3, Rule 36 does not provide a vehicle for relief.").

[14] *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing."); *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) ("The district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence."); *Pacheco v. United States*, Case No. CR-01-20050-JW, 2011 WL 5515509, at *2 (N.D. Cal. Nov. 10, 2011) (finding that when defendant moved pursuant to Rule 36 to amend a judgment to reflect a consecutive sentence with a state court sentence, the defendant's "request goes far beyond the correction of a mere clerical error; he asks the court to correct an alleged *judicial error* in sentencing." (emphasis in original)).  *Cf. United States v. Felton*, Case No. CR 18-63-BLG-SPW, 2020 WL 6270796, at *1 (D. Mont. Oct. 26, 2020) ("The Court did not intend to make the federal sentence concurrent with any later-imposed state sentence. The judgment accurately reflects the Court's intent at the time of sentencing. There is nothing to correct under Rule 36.").

The cases cited by Mr. Margerum are not applicable here.  *See* Docket 64 at 4.  *Overton* was a 28 U.S.C. § 2255 habeas case.  *Smith* involved a district court using Rule 36 to adjust a sentence to account for time that the BOP had not credited the defendant even though the judgment listed concurrent time.  *Gibson* involved a stipulated "clerical error" that resulted in the BOP not running part of a sentence concurrently.  Moreover, none of cases were bound by the Ninth Circuit's precedent limiting the use of Rule 36 because they are from other circuits.

No. 3:17-cr-00160-SLG, *United States v. Margerum*
Order Re Motion to Amend Criminal Judgment
Page 4 of 4
Case 3:17-cr-00160-SLG-DMS   Document 69   Filed 08/23/21   Page 4 of 4